Jones, J.
(dissenting). In my view access to our judicial processes for the recovery of indemnification for ransom moneys paid for the return of stolen property should be denied on grounds of public policy. To that extent I concur in the dissenting opinion of Judge Jasen and would reverse the order of the Appellate Division.
If, however, I were of the view that our courts should be made available for the prosecution of such claims, in the circumstances of this case I would join in the majority opinion. As I read this record, appellant’s counsel as a trial tactic chose not to press the disclosure-of-identity issue by requesting the Trial Judge to direct respondent to reveal the name of the go-between on the witness stand. Counsel elected instead to rely on the witness’ conspicuous unwillingness to disclose the identity of the alleged go-between to undermine his credibility and thus to raise effective doubt as to whether any ransom money had in fact ever been paid. This trial tactic not having been wholly successful (the jury did award damages of only $45,000 in the face of the claim that ransom had been paid in the amount of $71,000), counsel should not now be heard to argue that the jury’s verdict in favor of respondent should be set aside for failure to disclose the name. With the acquiescence of counsel that ultimate issue had never been raised on the trial. On this analysis I do not reach consideration as to *460 what consequence should attend the refusal of a party-witness to answer a relevant question when directed to do so by the court. Nor do I interpret the decision of our court today as creating any new evidentiary privilege.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Gabrielli; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Breitel concurs; Judge Jones dissents and votes to reverse in another separate opinion.
Order affirmed, with costs.